UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  Case No. 15-25633-RAM

RAFAEL ANTONIO ALVARADO  Chapter 13

Debtor.
_____/

### SPACE COAST CREDIT UNION'S MOTION TO RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY SPACE COAST CREDIT UNION

Secured Creditor, SPACE COAST CREDIT UNION, as successor in interest by merger to Eastern Financial Florida Credit Union (hereinafter "Space Coast"), by and through undersigned counsel, hereby files its Motion to Reconsider the Court's Order Granting Debtor's Motion to Value and Determine Secured Status of Lien on Real Property held by Space Coast (the "Motion") [D.E. 33], pursuant to Fed.R.Civ.P. 60(b), made applicable by Fed.R.Bankr.P. 9024, and in support states as follows:

### BACKGROUND

1. On August 28, 2015 ("Petition Date"), the Debtor, RAFAEL ANTONIO ALVARADO ("Debtor"), filed a voluntary for relief under Chapter 13, Title 11 of the United States Bankruptcy Code.

2. Space Coast is the owner and holder of a note ("Note") and second mortgage ("Second Mortgage") in the Debtor's principal residence, located at 12220 SW 188 Terrace, Miami, Florida 33177 (the "Property").

3. On September 2, 2015, the Debtor filed its Motion to Value and Determine Secured Status of Lien of Space Coast Credit Union (the "Motion to Value") [D.E. 13], with a hearing scheduled for October 13, 2015 [D.E. 14].

4. On October 16, 2015, undersigned filed a Notice of Appearance in the instant case [D.E. 32].

5. On October 19, 2015, following the October 13, 2015 hearing, the Court entered an Order Granting Debtors' Motion to Value (the "Order") [D.E. 33].

6. On November 2, 2015, Space Coast timely filed its bifurcated Proof of Claim in the total amount of $37,094.41 [Claim No. 1].

7. Due to mistake, inadvertence and excusable neglect, Space Coast did not send undersigned counsel a referral for the Motion to Value until October 14, 2015 and therefore Space Coast was not able to timely file an objection to same prior to the hearing on October 13, 2015 or otherwise appear at the hearing.

8. Based upon various valuation reports, Space Coast determines the fair market value of the Property to be at or above $155,000.00 as of the Petition Date which would prevent Debtor's strip off of Space Coast's Second Mortgage.

9. Further, Debtor is co-signor on the Note and Mortgage together with non-filing spouse, ANA I. PLEITEZ ("Co-Debtor"), true copies of which are attached to Space Coast's Proof of Claim. Space Coast objects to the Debtor's Motion to Value, which seeks to impermissibly strip down Space Coast's Mortgage lien pursuant to 11 U.S.C. §§ 506 and 1132(b).

10. Space Coast respectfully requests reconsideration of the Order to allow the Court to hear the Motion to Value on the merits and schedule an evidentiary hearing on valuation pursuant to S.D.Fla.L.R. 3015-3(3).

**STANDARD OF REVIEW**

11. Pursuant to Fed.R.Civ.P. 59(e), made applicable by Fed.R.Bankr.P. 9023, a motion for reconsideration may be granted on four grounds: (1) the judgment is based upon manifest errors of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) amendment is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *See In re Piazza*, 460 B.R. 322, 324 (Bankr.S.D.Fla.2011); *see also In re Arden Properties, Inc.,* 248 B.R. 164 (Bankr.D.Ariz.2000); *In re Prince*, 85 F.3d 314, 36 (7th Cir. 1996), *cert. denied*, 519 U.S. 1040 (1996). "The decision to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the trial court." *Id.* Under Rule 9023, "a motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than fourteen (14) days after entry of judgment." Fed. R. Bankr. P. 9023.

12. Alternatively, Fed. R. Bankr. P. 9024, applying Fed.R.Civ.P. 60(b), allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *In re Mohorne*, 404 B.R. 571, 575-76 (Bankr.S.D.Fla.2009); Fed.R.Bankr.P. 9024 (applying Fed.R.Civ.P. 60(b)); *Drake v. Dennis,* 209 B.R. 20, 25 (Bankr.S.D.Ga.1996).

13. The determining factor for which rule applies depends on the timing of the service of the Motion. *See Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167 (5th Cir. 1990), *abrogated on other grounds, Little v. Liquid Air Corp*., 37 F.3d 1069 (5th Cir. 1994) (*en banc*).

14. As Space Coast's request for reconsideration is being filed within a reasonable time, its Motion should be construed as a motion to alter or amend judgment pursuant to Rule 9023.

## LEGAL ARGUMENT

15. The Debtor's Motion to Value was heard and granted without opposition. Neither party exchanged formal property appraisals nor was an evidentiary hearing held to determine the Property's value or Debtor's ability to strip the Mortgage pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2).

16. A court has broad discretion to reconsider one of its own orders on various grounds, including a need to correct clear error or prevent manifest injustice. *See Williams v. Cruise Ships Catering & Serv. Int'l, N.V.,* 320 F. Supp. 2d 1347, 1357-58 (S.D.Fla.2004); *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.,* 211 F.R.D. 457 (S.D.Fla.2002). A motion to reconsider is appropriate where, for example, the court has misunderstood a party, or has made an error not of reasoning but of apprehension. A motion to alter or amend a judgment permits the moving party to bring to the court's attention a manifest error of law or fact. *See Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996).

17. To prevent manifest injustice, Space Coast respectfully requests that this Court reconsider its Order and grant Space Coast a new hearing on the Motion to Value so it may be heard on the merits.

18. Space Coast should be afforded the opportunity to present argument in opposition to Debtor's Motion to Value and evidence which not only demonstrates value in the Property, but also Debtor's inability to strip Space Coast's Mortgage.

19. "In Florida, "[p]roperty held as a tenancy by the entireties possesses six characteristics: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names)." *In re Hinton*, 378 B.R. 371, 377 (Bankr.M.D.Fla.2007) (citing *Beal Bank, SSB v. Almand and Associates,* 780 So.2d 45, 52 (Fla.2001)) (citations and footnotes omitted). "All six unities must be present at the time a couple acquires property—'the owners' interests in the property must be identical, the interests must have originated in the identical conveyance, and the interests must have commenced simultaneously." *In re Hinton*, 378 B.R. at 377 (citing *Beal Bank*, 780 So.2d at 53).

20. In June 2005, the Debtor and Co-Debtor purchased the Property jointly, with each of the six required unities established. "The defendants were married, the [Property] was conveyed to them, jointly, at the same time, in the same instrument." *In re Hinton*, 378 B.R. at 379. Co-Debtor co-signed the Note and Mortgage, which the individual Debtor is now seeking to strip off. The Debtor seeks to modify Space Coast's Mortgage not only to his interest in the property, but also the Co-Debtor's interest. *In re Alvarez*, Slip Copy, 2012 WL 1425097 at *2 (Bankr.S.D.Fla.2012); *see also In re Pierre*, 468 B.R. 419 (Bankr.M.D.Fla.2012). The Co-Debtor has not sought relief under Title 11, and neither she nor her interest in the Property are properly before the Court. *In re Alvarez*, 2012 WL 1425097 at *2. The Debtor seeks to provide her with the benefit of having filed bankruptcy without having borne the burden. *Id.*

21. "The [D]ebtor and [Co-Debtor] have concurrent interest in the entire property. Even if the lien were somehow voided as to the [D]ebtor's interest, it would remain as to the

5

[Co-Debtor's] interest and would encumber the entire property." *Id.* Allowing one co-owner to strip a lien would result in confusion in state property records because the mortgage arguably is reduced or eliminated as to one co-owner, but not the other. *In re Pierre*, 468 B.R. 419 n.45 (Bankr.M.D.Fla.2012) (citing *In re Erdmann,* 446 B.R. 861, 868-69 (Bankr.N.D.Ill.2011).

22.     The Debtor is attempting to confer the benefits of its Chapter 13 plan on the Co-Debtor without her being a "debtor" under the Bankruptcy Code, and thereby relieves her from their joint and several obligations to a secured lender.

23.     Space Coast respectfully requests the Court take account of all relevant circumstances surrounding Space Coast's failure to respond to the Motion to Value and attend the hearing. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 395 (1993).

24.     In *Pioneer*, the Supreme Court noted a four-factor test for determining the existence of "excusable neglect": (i) prejudice to the Debtor; (ii) length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *Id.*

25.     There should be no prejudice to any parties.  Setting aside the Order would simply allow the Court to consider the Motion on the merits with all the parties present.  Due to the short delay, there should be little to no prejudice to the Debtor.

26.     Space Coast's request for reconsideration is being filed within a reasonable time, and therefore there should be little impact on the judicial proceedings.

27.     Further, Space Coast did not act in bad faith.  Space Coast took all the necessary efforts to protect its interests in the Property and due to an unintentional internal delay at Space Coast's headquarters, undersigned did not receive the referral prior to October 13, 2015 and therefore was unable to timely respond to and attend the hearing on the Motion to Value.

28. For the reasons set forth in this Motion, Space Coast maintains that good cause exists for the Order to be vacated.

29. Space Coast objects to the Debtor's Motion to Value and requests that appropriate provision for Space Coast's debt be made in the proposed Chapter 13 Plan.

**RESERVATION OF RIGHTS**

30. This Motion for Reconsideration is without prejudice to Space Coast's rights and remedies in and to the Property, including, without limitation, the right to assert additional claims against the Debtor.

31. Space Coast reserves the right to revise, amend or supplement this Motion prior to or at any hearing.

**WHEREFORE**, for the reasons more particularly stated herein, Space Coast respectfully requests that this Court vacate the Order Granting Debtor's Motion to Value [D.E. 33], that a new hearing be set so the Court may consider the merits of the Motion to Value, and for such other or further relief as the Court deems just and proper.

        Respectfully Submitted,

        **BLAXBERG, GRAYSON & KUKOFF, P.A.**
        *Attorneys for Space Coast Credit Union*
        25 SE Second Avenue, Suite 730
        Miami, Florida  33131
        Phone: (305) 381-7979 x 317
        Fax:    (305) 371-6816
        alexis.read@blaxgray.com

        By: /s/ *Alexis S. Read*
            Alexis S. Read, Esq.
            Fla. Bar No. 98084

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2015, a true and correct copy of the forgoing was served via electronic transmission to those parties who are currently on the list to receive e-mail notice and service for this case, and by U.S. Mail to:

| | |
|---|---|
| Diego Mendez, Esq.<br>*Counsel for Debtor*<br>P.O. Box 228630<br>Miami, FL 33172<br>info@mendezlawoffices.com | Nancy K. Neidich<br>*Chapter 13 Trustee*<br>P.O. Box 279806<br>Miramar, FL 33027<br>e2c8f01@ch13herkert.com |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130<br>USTPRegion21.MM.ECF@usdoj.gov | |

By: /s/ *Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084